UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKIVA MILLER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    -against-<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>    Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff AKIVA MILLER ("Plaintiff"), a New York resident, bring this class action complaint by and through his attorneys, Varacalli & Hamra, LLP, against Defendant CONVERGENT OUTSOURCING, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**NATURE OF THE ACTION**

1.      Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.      Plaintiff is seeking damages, and declaratory and injunctive relief.

**JURISDICTION AND VENUE**

4.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

6. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of New York.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant is a corporation with a principal place of business in Renton, WA.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 22, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the VERIZON WIRELESS ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of the FDCPA.

- The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to

suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS SPECIFIC TO AKIVA MILLER

15. Defendant alleges Plaintiff owes a debt ("the debt").

16. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The debt was incurred on a credit card.

18. The debt was incurred on a credit card issued by Creditor.

19. Sometime after the incurrence of the debt Plaintiff allegedly fell behind on payments owed.

20. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

21. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated January 22, 2018. ("**Exhibit A**.")

22. The letter states:

> "Amount Owed: $752.69
>
> Collection Cost: $67.74
>
> Total Balance: $820.43."

23. The letter was the initial communication Plaintiff received from Defendant.

24. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## Count I & II
### Violations of 15 U.S.C. §§ 1692e, 1692f

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

27. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

28. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a Collection fee on its website in violation of the FDCPA.

30. Defendant would unlawfully keep the additional fee of $67.74.

31. Defendant was not authorized by agreement or by law to collect any "collection fee"

32. Defendant was not authorized by the agreement creating the debt to collect a 9 percent fee for collection.

33. Defendant was not authorized by the agreement creating the debt to collect $67.74 as a collection fee from consumer.

34. Defendant is not permitted by law to collect a 9 percent fee for collection.

35. Defendant was not permitted by law to collect $67.74 as a collection fee from consumer.

36. The addition of $67.74 as "Collection costs" represents a 9 percent contingency fee collection amount that Defendant has yet to earn.

37. The notification and collection of the $67.74 Collection cost is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

38. Defendant's Collection Fees demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

39. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## Count III
## Violations of 15 U.S.C. §§ 1692g

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

43. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

44. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

45. Defendant's letter sets forth three amounts:

> "Amount Owed: $752.69
>
> Collection Cost: $67.74
>
> Total Balance: $820.43."

46. Defendant's letter fails to classify what these collection costs are.

47. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

48. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

49. The letter fails to advise Plaintiff that if Plaintiff pays the "Total Balance: $820.43" an adjustment may be necessary after Defendant receives payment.

50. The letter fails to advise Plaintiff that Defendant will inform Plaintiff of the balance difference before depositing payment.

51. The letter fails to advise Plaintiff of the amount of potential late fees.

52. The letter fails to advise Plaintiff the amount of money the "Total Balance" will increase per day.

53. The letter fails to advise Plaintiff the amount of money the "Total Balance" will increase per week.

54. The letter fails to advise Plaintiff the amount of money the "Total Balance" will increase per month.

55. The letter fails to advise Plaintiff the amount of money the "Total Balance" will increase in any measurable period.

56. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

57. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after the receipt of the letter.

58. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees.

59. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

60. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fail to indicate the amount of applicable and/or possible late fees.

61. For these reasons, Defendant failed to clearly state the amount of the debts.

62. For these reasons, Defendant failed to unambiguously state the amount of the debts.

63. The least sophisticated consumer would be confused as to how she could satisfy the debt.

64. The least sophisticated consumer will be confused as to what he actually owes.

65. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

66. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

67. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Ibrahim Abohamra, Esq., as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g. Awarding Plaintiff and the Class such other relief that the Court determines is just and proper.

Dated: July 26, 2018

Respectfully submitted,

By: /s/ *Ibrahim Abohamra*
Ibrahim Abohamra, Esq.
Varacalli & Hamra, LLP
*Attorneys for Plaintiff*
32 Broadway, Suite 1818
New York, New York 10004
(646) 590-0571

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 26, 2018

Respectfully Submitted,
By: /s/ *Ibrahim Abohamra*
Ibrahim Abohamra, Esq.